UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN EARL SQUARE                                   CIVIL ACTION

VERSUS

KEITH DEVILLE                                         NO.: 17-00266-BAJ-EWD

## RULING AND ORDER

Before the Court is the **Emergency Motion for Temporary Injunction; Prohibiting Further Custody (Doc. 7)** filed by Petitioner, John Earl Square. For the reasons set forth herein, the Motion is **DENIED**.

### I. BACKGROUND

On February 24, 2017, Petitioner, proceeding *pro se*, initiated this action by filing a petition for habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). At the time of filing the Habeas Corpus Petition, Petitioner was confined at Winn Correctional Center in Louisiana. (Doc. 1 at p. 1). Petitioner challenges the constitutionality of Louisiana Revised Statutes § 15:571.5, which provides for supervision upon release after the diminution of a sentence for good behavior. Petitioner argues that he "has a vested 'liberty interest' in the good time earned protected by the Due Process Clause of the Fourteenth Amendment under the United States Constitution," and questions whether Respondent's imposition of his criminal sentence "void[ed] Petitioner's guilty plea." (Doc. 1) Petitioner's Habeas Corpus Petition is pending.

Approximately one year after Petitioner filed the pending Habeas Corpus Petition, Petitioner filed the instant Motion. Petitioner asks this Court to "prevent

1

further custody of his person until this Honorable Court has rendered judgment" with respect to the Habeas Corpus Petition. (Doc. 7 at p. 1). Petitioner avers he was released from physical custody on December 12, 2017 and that following his release, he went to live with his wife in California. (*Id.*). Petitioner further contends that following his return to California, a "Louisiana parole agent" called Petitioner to tell him "it was an oversight of the West Baton Rouge Work Facility for releasing him without first having enacted an Interstate Compact Agreement" with California. (*Id.* at p. 2). Petitioner asserts that the parole agent subsequently mailed Petitioner an Interstate Compact Offender Application and told Petitioner during a telephone call to return the signed application "within a week or I will file a warrant for your arrest." (*Id.*) Based on this telephone call, Petitioner contends that he is "under the threat of arrest without a crime," and asks this Court to issue an emergency injunction "prohibiting any 'parole supervision' upon petitioner until the rights of both parties have been so determined by this Honorable Court." (*Id.* at pp. 3–4).

## II. DISCUSSION

Attached to the instant Motion are various documents related to Petitioner's December 12, 2017 release, including a "Statement of General Conditions under which Diminution of Sentence/Parole Supervision is Granted." (the "Statement") (Doc. 7-1 at p. 3). According to the Statement, certain conditions were imposed upon Petitioner at the time of his release, including that Petitioner would "not leave the State of Louisiana without written permission from my Parole Officer." (*Id.*). Accordingly, the Court interprets the instant Motion as a challenge to that particular

2

condition of Petitioner's December 2017 release, and a request that this Court order Petitioner's immediate relief from the challenged condition of his parole supervision.[1]

"Courts have repeatedly held that the sole remedy in seeking an immediate release from custody is not to seek an injunction, but rather to file a petition for writ of habeas corpus."[2] "[W]here, as here, a plaintiff is challenging 'the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.'"[3] "Federal courts have consistently held that 'the conditions of parole and probation sufficiently restrain the individual to constitute custody'"[4]

With respect to habeas corpus proceedings, "[a] state prisoner may seek relief under either § 2241 or § 2254 of Title 28 of the United States Code. Specifically, relief should be sought under § 2254 if the prisoner is challenging the legality of his underlying state conviction or the sentence imposed by the trial court, while relief should be sought under § 2241 if he is instead challenging the manner in which prison

---

[1] *See, Coronado v. United States Parole Board*, 540 F.2d 216, 217 (5th Cir. 1976) (explaining that the district court should have reviewed claimant's suit for declaratory judgment attacking conditions of his mandatory release as a claim for habeas relief).

[2] *Medina v. Dept. Homeland Security*, No. 13-cv-2989, 2014 WL 897804, at * 2 (W.D. La. March 6, 2014) (denying motion for preliminary injunction for immediate release without prejudice to the filing of a petition pursuant to 28 U.S.C. § 2241) (citing *In re Whitfield*, No. C-08-21, 2008 WL 694713 (S.D. Tex. March 13, 2008).

[3] *Reed v. Tanner*, Civil Action No. 14-2646, 2015 WL 281207, at * 3 (E.D. La. Jan. 22, 2015) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).

[4] *Cuevas v. Bureau of Prisons*, 54 F.Supp.2d 681, 683 (E.D. La. 1999). *See also, Jones v. Cunningham*, 371 U.S. 236 (1963) (parole conditions amount to "custody" so parolee may attack his conviction by habeas petition). *See also, Coleman v. Dretke*, 395 F.3d 216, 219, n. 2 (5th Cir. 2004) (finding that a plaintiff challenging re-confinement on the basis of unconstitutional parole conditions properly sought release from custody via habeass corpus jurisprudence).

officials are executing his sentence."[5] The United States Court of Appeals for the Fifth Circuit has previously explained the distinction between the two statutes as whether, if the Petitioner prevailed on the merits, the result would apply "against the sentence *as imposed*" rather than as a correction to the sentence itself.[6]

Here, to the extent the instant Motion reiterates arguments made by Petitioner in his pending Habeas Corpus Petition under 28 U.S.C. § 2254 and challenges the constitutionality of La. R.S. § 15:571.5, such claims shall not be addressed here. However, as the instant Motion also requests the Court to change how Petitioner's sentence is being imposed (*i.e.*, Petitioner challenges a particular parole supervision condition imposed), the Court construes Petitioner's Motion as one brought under 28 U.S.C. § 2241.[7]

"Although § 2241 contains no explicit exhaustion requirement, [the Fifth Circuit] has required a petitioner seeking relief under § 2241 first to exhaust his state remedies."[8] "This exhaustion requirement is only satisfied when the substance of a

---

[5] *Reed*, 2015 WL 281207, at * 3 (citing *Stewart v. Cain*, 71 F.3d 879, 1995 WL 727244 (5th Cir. Nov. 21, 1995) (per curiam) ("Stewart is attacking the manner in which his sentence is being executed; thus, his petition for writ of habeas corpus is more properly construed as seeking relief pursuant to § 2241.")). *See also*, *U.S. v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990).

[6] *Gabor*, 905 F.2d at 78 (quoting *Soyka v. Allredge*, 481F.2d 303, 304 (3d Cir. 1973)).

[7] Out of an abundance of caution, even if the Motion was construed as arising under 28 U.S.C. § 2254, that statutory provision explicitly requires exhaustion of remedies in state court. *See*, 28 U.S.C. § 2254(b)(1)(A); *Reed*, 2015 WL 281207, * 4 ("regardless of whether a prisoner is seeking relief under § 2241 or § 2254, he must first exhaust his remedies in the state courts."); *Stewart v. Vannoy*, Civil Action No. 17-1952, 2018 WL 1916845, at * 5 (E.D. La. Feb. 28, 2018) ("it is arguably unclear whether petitioner's instant application is properly construed as one seeking relief under 28 U.S.C. § 2241, 28 U.S.C. § 2254, or both. However, the Court need not resolve that issue in order to dispose of the instant application. Regardless of which statutory provision applies, it is clear that petitioner must first exhaust his remedies in the state courts before seeking relief in federal court.").

[8] *Stewart v. Cain*, 71 F.3d 879, 1995 WL 727244, at * 1 (citing *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987), *cert. denied*, 484 U.S. 965 (1987)).

federal habeas claim has been 'fairly presented' to the highest state court."[9] As the Fifth Circuit has explained:

> [A] claim is not exhausted unless the habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim," which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts."[10]

In Louisiana, the highest state court is the Supreme Court of Louisiana.[11] "The petitioner bears the burden of showing exhaustion of state remedies" and may "discharge that burden of proof by stating facts in the petition and by providing copies of briefs filed in state court or of state-court opinions demonstrating that the same issues have been presented to the state courts."[12] Here, although Petitioner contends that he has exhausted his state court remedies with respect to the claims set forth in his Habeas Corpus Petition, Petitioner has presented no evidence to suggest that he has submitted the instant challenge to the conditions of his release to any state court or that he has exhausted his state remedies. Given that Petitioner challenges the conditions of release that were imposed *after* the filing of his Habeas Corpus Petition, the Court finds it likely that Petitioner has not yet exhausted state remedies. In any event, Petitioner certainly has not carried his burden to show such exhaustion.

---

[9] *Reynolds v. Cain*, Civil Action No. 10-201, 2010 WL 3396889, at * 3 (M.D. La. July 20, 2010) (citing *Mecandel v. Cain*, 179 F.3d 271 (5th Cir. 1999)).

[10] *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir.1999) (quoting *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988)).

[11] La. Const. art. V, § 5(A).

[12] *Reynolds*, 2010 WL 3396889, at *3, n. 4.

Accordingly, the Emergency Motion for Temporary Injunction; Prohibiting Further Custody is **DENIED**.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Petitioner's Emergency Motion for Preliminary Injunction (Doc. 7) is **DENIED** without prejudice.

Baton Rouge, Louisiana, this 26th day of September, 2018.

**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**