# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**JOHN EARL SQUARE**                                    **CIVIL ACTION NO.**

**VERSUS**                                                         **17-266-BAJ-EWD**

**KEITH DEVILLE**

## <u>NOTICE</u>

PLEASE TAKE NOTICE THAT THE ATTACHED STANDARD ORDER HAS BEEN AMENDED AND REVISED REGARDING THE INAPPLICABILITY OF LOCAL RULE 7, PROVISION OF AN ELECTRONIC CERTIFIED COPY OF THE STATE COURT RECORD BY THE LOUISIANA BOARD OF PARDONS AND COMMITTEE ON PAROLE, AND PROVISION OF A COURTESY COPY OF THE STATE COURT RECORD BY THE CLERK OF COURT.

Secretary of Department of Public Safety and Corrections  Certified # #7018 0360 0001 1615 8692, Louisiana Board of Pardons and Committee on Parole Certified # 7018 0360 0001 1615 8678, Atty General Certified mail # 7018 0360 0001 1615 8685

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**JOHN EARL SQUARE**                                    **CIVIL ACTION NO.**

**VERSUS**                                              **17-266-BAJ-EWD**

**KEITH DEVILLE**

### ORDER

John Earl Square ("Petitioner") has applied to this Court for a writ of habeas corpus. Part of the factual basis of Petitioner's writ involves an allegation that he was released for diminution of sentence for good behavior pursuant to La. R.S. 15:571.5 on the following convictions in the Nineteenth Judicial District Court, Parish of East Baton Rouge: Docket No. 10-79-111 (February 2, 1982); Docket No. 1-83-1045 (April 12, 1984); Docket No. 1-83-1044 (April 12, 1984); and Docket No. 8-82-129 (April 12, 1984).  The record also indicates that Petitioner pled guilty to new criminal conduct in 2011 in Jefferson Davis Parish that may have subjected him to a revocation proceeding before the Louisiana Board of Pardons and Committee on Parole.

The original Order[1] requiring response was directed to the District Attorney for the Nineteenth Judicial District Court, Parish of East Baton Rouge, who responded that he is not the proper party, characterizing Petitioner's complaint as an "administrative claim."[2]  Because Petitioner's claim relates to the application of La. R.S. 15:571.5 and he challenges the fact that he is subject to ongoing conditions of release, it appears that the proper respondent to the substantive claims is either the Secretary of Department of Public Safety and Corrections and/or the Louisiana Board of Pardons and Committee on Parole.

Accordingly,

---

[1] R. Doc. 10.
[2] R. Doc. 12.

**IT IS ORDERED** that the Secretary of Department of Public Safety and Corrections  and the Louisiana Board of Pardons and Committee on Parole, shall file a response to the application together with a memorandum of legal authorities in support of said response by no later than **October 16, 2020**. *The page limitations contained in Local Rule 7 will not apply to the initial response to Petitioner's application.*    The Secretary of Department of Public Safety and Corrections and Louisiana Board of Pardons and Committee on Parole's responses to the application shall, if appropriate, address the merits of Petitioner's application and shall, in any event, state whether the petition is timely under 28 U.S.C. § 2244(d)(1), whether there has been any procedural default under state law, whether the petition is a second or successive petition, and whether Petitioner has exhausted state court remedies, including any post-conviction remedies available to Petitioner under Louisiana law and also including Petitioner's right of appeal both from judgment of conviction and from any adverse judgment or order in the post-conviction proceedings.  In the event that either respondent contends that Petitioner's claim(s) are successive, untimely, procedurally defaulted, unexhausted, and/or that there has been prejudicial delay under Rule 9(a), that respondent (a) shall file along with said response any and all evidentiary materials necessary to support such contention, and (b) shall either refer to the portions of the certified state court record that support such contention or attach certified copies of the state court record materials that support such contention.

**IT IS ORDERED** that by no later than **October 16, 2020** the Secretary of Department of Public Safety and Corrections and the Louisiana Board of Pardons and Committee on Parole shall file with the Court *an electronic certified copy of Petitioner's entire prison and parole record, including, but not limited to: documents related to all parole board proceedings related to Petitioner; documents related to all meetings pertaining to Petitioner; docket sheets of any*

2

parole board proceedings; any pleadings, documents and transcripts related to parole hearings; documents and transcripts related to revocation hearings, including any documents and transcripts related to any revocation hearings conducted pursuant to La. R.S. 15:571.3, La. R.S. 15:571.4 and/or La. R.S. 15:571.5.

**IT IS FURTHER ORDERED** that by no later than **October 16, 2020** the Secretary of Department of Public Safety and Corrections and the Louisiana Board of Pardons and Committee on Parole, shall file, in the conventional manner (NOT electronically), a *courtesy* copy of the *entire* record filed electronically.

**IT IS FURTHER ORDERED** that in the event *either respondent is unable to produce any of the above records, that respondent shall advise the Court in writing why it is unable to produce these records. In the event there are no records related to Petitioner, the respondent is to submit a signed affidavit from the records custodian to that effect. If there are no parole revocation records related to the new criminal conduct for which Petitioner was convicted in 2011,  the respondent shall submit an explanation as to why such records do not exist with a signed affidavit from the records custodian.*

**IT IS FURTHER ORDERED** that the Clerk of this Court is requested and directed to serve, by certified mail or other means which provides tracking and delivery confirmation, a copy of: (1) the petitioner's application, (2) all papers filed therewith, and (3) this Order on the Attorney General for the State of Louisiana, the Secretary of Department of Public Safety and Corrections, and on the Louisiana Board of Pardons and Committee on Parole.

Signed in Baton Rouge, Louisiana, on September 16, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**