UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOHN EARL SQUARE** | * | **CIVIL ACTION** |
| | * | |
| | * | **CASE NO.: 17-266-BAJ-EWD** |
| **VERSUS** | * | |
| | * | **JUDGE BRIAN A. JACKSON** |
| | * | |
| **KEITH DEVILLE** | * | **MAGISTRATE JUDGE** |
| | * | **ERIN WILDER-DOOMES** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**STATE'S ANSWER TO APPLICATION FOR WRIT OF HABEAS CORPUS**

NOW INTO COURT, through the undersigned assistant attorneys general, comes Respondent, the State of Louisiana, through the Department of Public Safety and Corrections (the "Department") and the Louisiana Board of Pardons and Committee on Parole (the "Board")[1], who answers John Square's Petition for a *Writ of Habeas Corpus*, as follows:

**STATEMENT OF THE CASE**

**A.    Relevant Factual History**

John Earl Square, hereinafter "Petitioner", pled guilty in 1984 to 13 counts of armed robbery and was sentenced to 13 concurrent terms of 40 years imprisonment at hard labor.[2] However, as noted by the Louisiana Supreme Court in its opinion, the dates of commission of these armed robberies are significant due to the change in Louisiana law regarding "good-time credits" during this time period. Ten of these armed robberies were committed prior to July 1, 1982 while three of these armed robberies were committed on or after July 1, 1982.[3]

---

[1] Pursuant to this Court's Order in Rec. Doc. 14, Respondents have attached to this Answer: Exhibit 1A-1C, Louisiana Probation and Parole Records of John Earl Square; and Exhibit 2, DOC John Earl Square Master Prison Record.
[2] See *State ex rel. Square v. State*, 2015-1409 (La. 1/13/17), 206 So. 3d 872.
[3] See *Id*. at 873; See also Exhibit 1A, Louisiana Probation & Parole Board Records, Pgs. 78-83. More specifically, the three latest armed robberies were committed as follows: 1) on July 1, 1982 at the Roadway Inn Motel; 2) on July 1, 1982 at the Monarch Inn Best Western; and 3) on July 9, 1982 at the Ray Rogers Auto Parts. See Ex 1A, Pg. 79.

1

On November 3, 2003, Petitioner was released from state custody to parole supervision to serve the remainder of his sentence on parole until his full-term date of July 12, 2022.[4] Unfortunately, Petitioner was arrested on March 29, 2010 in Jefferson Davis Parish for one count of possession of marijuana, over 60 pounds but less than 200 pounds to which count Petitioner eventually pled guilty, and on August 1, 2011, Petitioner was sentenced to serve five (5) years at hard labor without the benefit of probation, parole, or suspension of sentence.[5] Due to this new felony conviction, the Board issued Petitioner a Notice of a Preliminary Hearing on July 26, 2011, which Petitioner refused.[6] Finally, on August 17, 2011, the Board issued a Letter to the Petitioner that his parole had been revoked by operation of law pursuant to La. R.S. 15:574.10 due to his new felony conviction.[7]

After serving his sentence related to his 2011 felony conviction and pursuant to the Department's time calculations regarding the remainder of time on his original armed robbery sentences, Petitioner was released from state custody onto "good-time parole" on December 12, 2017 to serve the remainder of his full-term sentence on parole until his full-term date of January 12, 2027.[8] Subsequently, Petitioner requested and was allowed to transfer the location of his parole supervision from Louisiana to California in May 2018.[9] Thus, Petitioner will remain serving his sentence on parole until his full-term date of January 12, 2027.

**B. Relevant Procedural History**

Following his new felony conviction and parole revocation in 2011, Petitioner filed a Petition for Writ of Habeas Corpus on January 31, 2014 in Louisiana state district court in the

---

[4] See Exhibit 1C, Pgs. 457-460.
[5] Ex 1A, Pgs. 173-174
[6] Ex 1A, Pgs. 171-172.
[7] Ex 1A, Pgs. 167; See also Ex 1C, Pg. 448.
[8] Ex 1A, Pgs. 162-163.
[9] Ex 1A, Pgs. 2-4, 50-55.

Twentieth Judicial District Court asserting a challenge to the constitutionality of La. R.S. 15:571.5.[10] Upon pursuing this Petition through the state appellate process, the Louisiana Supreme Court issued an opinion on January 13, 2017 granting in part Petitioner's writ application challenging La. R.S. 15:571.5 and the application of the statute to Petitioner's specific circumstances.[11] Specifically, the Louisiana Supreme Court analyzed La. R.S. 15:571.5 as applied to Petitioner's circumstances and held that La. R.S. 15:571.5 was enacted and became effective on July 1, 1982 such that 10 of the 13 armed robberies occurred prior to the effective date of the statute. Thus, the Louisiana Supreme Court held that those 10 armed robberies were subject to the prior good-time credits for sentences which were deemed satisfied or fully completed at the time of release from custody.[12] Nonetheless, the Louisiana Supreme Court held that the latter 3 armed robberies committed on or after July 1, 1982 were subject to the provisions of La. R.S. 15:571.5.[13]

Finally, Petitioner filed this instant Petitioner for Habeas Corpus with this Honorable Court on February 24, 2017 asserting that La. R.S. 15:571.5 was and is unconstitutional. It appears that Petitioner's instant Petition with this Court is timely and exhausted under 28 U.S.C. § 2244(d)(1) and state law as to his challenge to the constitutionality of La. R.S. 15:571.5, both facially and as applied to the Petitioner in this matter.

## ARGUMENT ON THE MERITS

### I. LEGAL STANDARD FOR REVIEWING THE MERITS OF PETITIONER'S CLAIMS UNDER 28 U.S.C. 2254

Petitioner's claims must still be dismissed for failure to state a claim as to the merits of her claims.

---

[10] Rec. Doc. 1-3, Pgs. 8-17.
[11] See *State ex rel. Square v. State*, 2015-1409 (La. 1/13/17), 206 So. 3d 872.
[12] *Id.* at 873.
[13] *Id.*

The U.S. Supreme Court has explained: "By its terms § 2254(d) bars relitigation of any claim "adjudicated on the merits" in state court.[14] As to the standard for reviewing such state court decisions, the *Richter* Court instructed, "Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of this Court, § 2254(d)(1)… or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2)."[15] Stated differently, the *Richter* Court explained, "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement."[16]

With these principles in mind, Petitioner's specified claim for relief will be addressed.

### A. LA R.S. 15:571.5 IS FACIALLY CONSTITUTIONAL AND IS CONSTITUTIONAL AS APPLIED TO THE PETITIONER

While not clearly stated, it appears that the essence of Petitioner's claim is that La. R.S. 15:571.5 presents a violation of his Sixth and Fourteenth Amendment rights by allowing the Department of Public Safety and Corrections and/or the Louisiana Probation and Parole Board to "sentence" Petitioner to new or lengthier sentences on their own and without Petitioner having

---

[14] *Harrington v. Richter*, 562 U.S. 86, 98, 131 S. Ct. 770, 784, 178 L. Ed. 2d 624 (2011)(citing *Chadwick v. Janecka*, 312 F.3d 597, 605–606 (C.A.3 2002); *Wright v. Secretary for Dept. of Corrections*, 278 F.3d 1245, 1253–1254 (C.A.11 2002); *Sellan v. Kuhlman*, 261 F.3d 303, 311–312 (C.A.2 2001); *Bell v. Jarvis*, 236 F.3d 149, 158–162 (C.A.4 2000) (en banc); *Harris v. Stovall*, 212 F.3d 940, 943, n. 1 (C.A.6 2000); *Aycox v. Lytle*, 196 F.3d 1174, 1177–1178 (C.A.10 1999); *James v. Bowersox*, 187 F.3d 866, 869 (C.A.8 1999)).
[15] Harrington, 562 U.S. at 100 (citing *Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)).
[16] Harrington, 562 U.S. at 103.

4

counsel present or a right to be heard as to this new "sentence".[17] However, Petitioner's assertions are factually and legally incorrect for the reasons set forth below.

As to the facial constitutionality of La. R.S. 15:571.5 (and the remainder of Louisiana's Good Time Laws), District Court Judge Carl Barbier of the Eastern District of Louisiana notes that "…the constitutionality of section 15:571.5 repeatedly has been upheld" as to "substantive due process and equal protection challenges…double jeopardy challenges…and ex post facto challenges."[18] More generally, the U.S. Supreme Court has clearly held that, "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."[19] And, this Court has previously noted that, "There is no federal constitutional right to the reduction of a sentence of a parole violator for time spent on parole."[20] Accordingly, it is abundantly clear that states legislatures have vast authority to determine the length, methods, and/or conditions imposed for a violation of their criminal laws (acknowledging certain constitutional limitations to this statement that are not applicable in this matter). Thus, La. R.S. 15:571.5 (and the remainder of Louisiana's Good Time Laws) regarding how an offender earns good time credits and how those credits apply are facially constitutional determinations of the Louisiana Legislature as to criminal sentences.

With respect to the specific circumstances presented by the Petitioner herein, a brief review of the statutory history and proper application of La. R.S. 15:571.5 will guide this

---

[17] Rec. Doc. 1-2, Pgs. 2-4.
[18] *London v. Leblanc*, No. CIV.A. 14-1861, 2015 WL 403809, at *3 (E.D. La. Jan. 29, 2015)(emphasis added)(citing *Frederick v. Ieyoub*, 99–0616 (La.App. 1st Cir.5/12/00), 762 So.2d 144; *State v. Duncan*, 98–1730 (La.App. 1st Cir.6/25/99), 738 So.2d 706; *Tauzier v. Cain*, 96–1934 (La.App. 1st Cir.6/20/97), 696 So.2d 650; and *Bancroft v. Louisiana Department of Corrections*, 93–1135 (La.App. 1st Cir.4/8/94), 635 So.2d 738.)
[19] *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7, 99 S. Ct. 2100, 2104, 60 L. Ed. 2d 668 (1979)
[20] *London v. Dep't of Corr.*, No. CIV.A. 14-362-SDD, 2014 WL 3563416, at *2 (M.D. La. July 18, 2014)(citing *Morrison v. Johnson*, 106 F.3d 127, 129 n. 1 (5th Cir.1996); *Newby v. Johnson*, 81 f.3d 567, 569 (5th Cir.1996), cited in *Ferguson v. Louisiana Department of Public Safety and Corrections Board of Parole*, 218 Fed.Appx. 355 (5th Cir.2007)(unpublished))

discussion. In its prior decision in Petitioner's case, the Louisiana Supreme Court succinctly explained that prior to July 1, 1982, Louisiana law provided that early release for diminution of sentence resulted in complete satisfaction of the remainder of an inmate's sentence and full discharge from the custody and supervision of the state."[21] However, the Louisiana Supreme Court further explained that "After the enactment (of La. R.S. 15:571.5), an inmate released for 'good time' diminution of sentence remains under state supervision 'as if released on parole' for the balance of his unexpired term of imprisonment. The amendment specifically provided that '[t]he provisions of this Act shall apply to offenses committed on or after the effective date of this Act.'"[22] As explained above, Petitioner received 13 concurrent sentences of 40 years imprisonment for the 13 counts of armed robbery committed by him, and while 10 of those sentences related to armed robberies that occurred prior to July 1, 1982, the remaining 3 sentences related to armed robberies committed on or after July 1, 1982. Accordingly, Petitioner's 40-year concurrent sentences on those 3 armed robberies must be served either in state custody or on parole if released from state custody by either parole or good-time release.

Further, as to Petitioner's assertion that the Department or the Board imposed a "new sentence" on him in 2011, this assertion is factually and legally incorrect. More specifically, when Petitioner was first released on parole in 2003, his certificate of parole clearly stated that he would serve the remainder of his 40-year sentence on parole until his full-term date of July 12, 2022.[23] Thereafter, Petitioner was convicted of a new felony conviction in 2011 and sentenced to serve 5 years at hard labor without parole, probation, or suspension of sentence, and his original parole was automatically revoked pursuant to state law due to this new felony

---

[21] *State ex rel. Square v. State*, 2015-1409 (La. 1/13/17), 206 So. 3d 872 (citing *State v. Anderson*, 349 So.2d 311, 313 (La. 1977); 1964 La. Acts 426)
[22] *Id.* citing La. R.S. 15:571.5(B)(2); 1981 La. Acts 762
[23] Exhibit 1C, Pgs. 457-460

6

conviction while on parole.[24] Furthermore, Petitioner was informed that this new felony conviction was to run consecutive to his existing armed robbery convictions because the sentencing judge did not specify that this new sentence was to be concurrent. As such, following the recalculation of the remainder of his time to be served on the armed robbery convictions and the new felony convictions, Petitioner's new time computation showed his full-term date as January 12, 2027 (which added slightly less than the new 5-year sentence to his prior full-term date of July 12, 2022).[25]

In sum, Petitioner was not given a "new" sentence by the Department or the Board in 2011; rather, the Department was required to and did simply recalculate the remainder of his original sentence in conjunction with his new sentence to provide him with his new full-term sentence date. Thus, the Department merely followed and applied Louisiana law governing how Petitioner's sentence was to be calculated and served in accordance with the law.[26] In addition, Petitioner refused a preliminary hearing as to the revocation of his parole, and Louisiana law mandates the revocation of parole upon the conviction of a felony while on parole. Accordingly, La. R.S. 15:571.5 was and is constitutional on its face and has been applied in a constitutionally permissible manner to the Petitioner herein.

## CONCLUSION

In light of the foregoing, Respondent, the State of Louisiana, respectfully requests that this Court dismiss this application in its entirety with prejudice as **without merit.**

**RESPECTFULLY SUBMITTED,**

**JEFF LANDRY**

---

[24] Ex 1A, Pgs. 173-174
[25] Ex 1A, Pgs. 162-163.
[26] While it does not appear that Petitioner is challenging the actual time computation, Respondents would point out that Petitioner has not properly exhausted any such challenge to the actual time computation in his case.

                    **ATTORNEY GENERAL**

          */s/ Christopher N. Walters*
          **CHRISTOPHER N. WALTERS (#35579)(T.A.)**
          **GRANT L. WILLIS (#34820)**
          **ASSISTANT ATTORNEYS GENERAL**
          LOUISIANA DEPARTMENT OF JUSTICE
          CRIMINAL DIVISION
          P.O. Box 94005
          Baton Rouge, LA 70804-9005
          Telephone No.:  (225) 326-6200
          Facsimile No.:  (225) 326-6297
          E-Mail: WaltersC@ag.louisiana.gov
                    WillisG@ag.louisiana.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 16, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

      I further certify that a copy of the foregoing was served on the pro se Petitioner by depositing same in the United States mail, properly addressed and first class postage prepaid, on October 16, 2020, to the following:

John Earl Square
6545 Seine Court
Highland, California 92346

                    */s/ Christopher N. Walters*
                **CHRISTOPHER N. WALTERS**