## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**JOHN EARL SQUARE**                    **CIVIL ACTION NO.**

**VERSUS**                              **17-266-BAJ-EWD**

**KEITH DEVILLE**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 26, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN EARL SQUARE** | **CIVIL ACTION NO.** |
| **VERSUS** | **17-266-BAJ-EWD** |
| **KEITH DEVILLE** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before this Court is the application of John Earl Square ("Petitioner") for a writ of habeas corpus. Petitioner's application should be denied. He has not established that the Louisiana Supreme Court's decision granting his writ application in part but finding no Ex Post Facto violation as to three of his fourteen armed robbery convictions was contrary to, or involved an unreasonable application of, clearly established Federal law, or an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Additionally, there was no violation of due process in the revocation of his release following diminution of sentence after he pled guilty to new criminal conduct. There is no need for oral argument or for an evidentiary hearing.

**I.     Background and Procedural History**

On February 2, 1982 and April 12, 1984, John Earl Square ("Petitioner") was convicted of 14 counts of armed robbery in the Nineteenth Judicial District Court, Parish of East Baton Rouge, State of Louisiana.[1] All 14 counts were ordered to be served concurrently, for a total of 40 years imprisonment without the benefit of probation, parole, or suspension of sentence.[2] Petitioner was released from custody on November 3, 2003, as if on parole, pursuant to Louisiana's early release

---

[1] Docket No. 10-79-111 (February 2, 1982, 1 count, 25 years); Docket No. 1-83-1045 (April 12, 1984, 1 count, 40 years); Docket No. 1-83-1044 (April 12, 1984, 1 count, 40 years); Docket No. 8-82-129 (April 12, 1984, 11 counts, 40 years per count). *See*, R. Doc. 1-3, pp. 26-28 and R. Doc. 17-3, pp. 75-76, 81-82 & 93.
[2] *Id*.

for diminution of sentence statute, La. R.S. 15:571.5. Petitioner's Certificate of Parole advised that he was to remain under supervision until July 12, 2022,[3] which was his full-term date.[4]

On March 29, 2010, Petitioner was arrested and charged in the Thirty-First Judicial District Court, Parish Jefferson Davis, State of Louisiana, with felony possession of marijuana in violation of La. R.S. 40:966 C & F(1).[5] Petitioner pled guilty on August 1, 2011 and was sentenced to five years imprisonment.[6] Due to the new felony conviction, Petitioner was presented with a Notice of Preliminary Hearing for parole revocation, but he did not elect any of the available options, including an option for a preliminary hearing. The Notice of Preliminary Hearing states that Petitioner refused to sign.[7] Thereafter, Petitioner received a letter from the Louisiana Parole Board, dated August 17, 2011, advising him that his parole was revoked by operation of law pursuant to La. R.S. 15:574.10 and that he was not entitled to a final hearing per *State of Louisiana ex rel. Theda Bertrand v. Hunt,* 325 So.2d 788 (La. 1976).[8]

Petitioner filed a state petition for habeas corpus with the Twentieth Judicial District Court, Parish of West Feliciana, challenging the revocation of his early release for diminution of sentence and contending the provisions of La. R.S. 15: 571.5 are unconstitutional for a host of reasons including: violation of separation of powers, violation of the right to counsel, violation of his Fourteenth Amendment right to due process, and a violation of the Ex Post Facto Clause.[9] The Twentieth Judicial District Court denied Petitioner's state habeas petition on February 3, 2014.[10]

---

[3] R. Doc. 17-3, pp. 57-58.
[4] R. Doc. 17-3, p. 61.
[5] R. Doc. 17-1, p. 7.
[6] R. Doc. 1-3, pp. 18-23; R. Doc. 17-1, p. 173-74.
[7] R. Doc. 17-1, pp. 170-72.
[8] R. Doc. 17-1, p. 167. *Hunt* relies on *Morrissey v. Brewer,* 408 U.S. 475 (1975), in holding that the requirements of due process are satisfied, and a final revocation hearing is not required, when the parolee is convicted of a criminal offense in a Louisiana court, as the conviction itself is conclusive that the parolee committed acts that per se constitute a violation of parole.
[9] R. Doc. 1-3, pp. 8-14.
[10] R. Doc. 1-3, p. 30.

Petitioner appealed the denial of his state habeas petition to the Louisiana First Circuit Court of Appeal and to the Louisiana Supreme Court. On January 13, 2017 the Louisiana Supreme Court granted Petitioner's writ application in part, as follows:

> In 1982, relator was found guilty of one count of armed robbery and sentenced to 25 years imprisonment at hard labor. In 1984, relator pleaded guilty to 13 additional counts of armed robbery and was sentenced to 13 concurrent terms of 40 years imprisonment at hard labor. He was released in 2003 for diminution of sentence after earning sufficient "good time credit." After he pleaded guilty in 2011 to possession of more than 200 pounds of marijuana, his release was revoked and the remainders of his armed robbery sentences were reinstated. For the reasons that follow, we grant relator's request for a writ of habeas corpus and order him released from state custody and supervision but only with regard to those 11 sentences for armed robberies he committed before July 1, 1982.
>
> Before the enactment of La.R.S. 15:571.5 (effective July 1, 1982), early release for diminution of sentence resulted in complete satisfaction of the remainder of an inmate's sentence and full discharge from the custody and supervision of the state. *See State v. Anderson*, 349 So.2d 311, 313 (La. 1977); *see also* 1964 La. Acts 426. After the enactment, an inmate released for "good time" diminution of sentence remains under state supervision "as if released on parole" for the balance of his unexpired term of imprisonment. La.R.S. 15:571.5(B)(2). The amendment specifically provided that "[t]he provisions of this Act shall apply to offenses committed on or after the effective date of this Act." 1981 La. Acts 762.
>
> Retroactive changes in the law which have the effect of canceling accrued good time credits violate the Ex Post Facto Clause. *Lynce v. Mathis*, 519 U.S. 433, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997). In addition, the controlling date for application of changes in good time eligibility must be the date the offense was committed. *State ex rel. Bickman v. Dees*, 367 So.2d 283 (La. 1978). Of relator's 14 armed robberies, 11 were committed before July 1, 1982, which is the effective date of 1981 La. Acts. 762. Therefore, those 11 sentences were fully satisfied when he was released for diminution of sentence in 2003. The remaining three armed robberies were committed after the July 1, 1982 effective date of the amendment and are not impacted by this ruling.[11]

On February 13, 2017 Petitioner filed the instant petition for habeas corpus relief under 28 U.S.C. § 2254.[12] Petitioner claims that the Louisiana Supreme Court "failed to give legal analysis to the conflict that LSA-R.S. 15:571.5 (Act 1981, effective July 1, 1982), is (1) in violation of

---

[11] *State ex rel. Square v. State*, 2015-1409 (La. 1/13/17), 206 So.3d 872, 872–73.
[12] R. Doc. 1.

3

constitutional and statutory provisions; (2) in excess of the agency's (Defendant) statutory authority; (3) made upon unlawful procedure; (4) affected by error of law; (5) arbitrary, capricious, and an abuse of discretion; and/or (6) manifestly erroneous."[13] Petitioner also contends that the statute violates his Sixth Amendment right to counsel, violates the Separation of Powers Doctrine, is an illegal bill of attainder, violates his Fourteenth Amendment right to due process, and is a punitive statute that inflicts punishment without trial.[14] Petitioner's habeas petition seeks relief in the form of a declaration that La. R.S. 15:571.5 is unconstitutional and seeks release from custody.[15]

On February 28, 2018 Petitioner filed an Emergency Motion for Preliminary Injunction ("Emergency Motion)."[16] Documentation attached to the Emergency Motion shows that Petitioner was again released from physical custody in accordance with La. R.S. 15:571.5 "as if on parole" on December 12, 2017.[17] As a condition of his release Petitioner is required to report to the Baton Rouge office of Probation and Parole for the Department of Public Safety and Corrections. Petitioner also signed paperwork acknowledging the conditions of his early release for diminution of sentence.[18] Petitioner's Emergency Motion contested the constitutionality of La. R.S. 15:571.5 and the conditions of his release. The Court issued a ruling on September 26, 2018, which denied Petitioner's Emergency Motion, but did not dispose of the merits of Petitioner's habeas application.[19]

---

[13] R. Doc. 1-2, p. 2.
[14] *Id.*
[15] R. Doc. 1, p. 12.
[16] R. Doc. 7-1, pp. 2-3.
[17] R. Doc. 7-1, p. 2 and R. Doc. 17-1, p. 162.
[18] R. Doc. 7-1, p.3 and R. Doc. 17-1, p. 163.
[19] R. Doc. 9. The September 26, 2018 Order construed Petitioner's Motion under 28 U.S.C. §2241. Although there is conflicting jurisprudence as to whether claims challenging parole revocations are properly brought under § 2241 or § 2254, the issue need not be resolved here. Whether Petitioner's claims are considered de novo under § 2241 or under the deferential standard of § 2254, the outcome is the same; the revocation of Petitioner's parole as a result of his 2011 conviction for felony possession of marijuana was not a constitutional violation. For cases concluding that habeas petitions challenging parole revocation are properly brought under § 2241 *see, e.g.*: *Johnson v. Louisiana Dep't of*

4

**II.    Law and Analysis**

    **A.  Jurisdiction**

Petitioner is entitled to habeas corpus relief only upon establishing that he is in custody in violation of the Constitution or laws or treaties of the United States.  "For a court to have habeas jurisdiction… the prisoner must be 'in custody' at the time he files his petition for the conviction or sentence he wishes to challenge."[20]  Petitioner was incarcerated at Winn Correctional Center when he filed the habeas petition.  Although Petitioner has since been released from physical custody, as if on parole,[21] "[f]ederal courts have consistently held that 'the conditions of parole and probation sufficiently restrain the individual to constitute custody.'"[22]  Since filing the habeas application, Petitioner has also filed the Emergency Motion which supports the determination that,

---

*Corr.*, No. 19-13554, 2020 WL 5899009, at *5 (E.D. La. Aug. 4, 2020)(alleging lack of parole revocation hearing made custody illegal); *Moore v. Hargett,* No. 94-60844, 1995 WL 450256 (5th Cir. July 7, 1995) (challenge to revocation of parole must be construed under § 2241, rather than § 2254) ; *Scott v. Travis,* No. 07-4150, 2008 WL 161716, at * 1 (E.D. La. Jan.11, 2008) (challenge to revocation of parole release properly characterized as a proceeding under §2241, rather than under §2254); *Bailey v. Hubert,* No. 05-4972, 2007 WL 1805065, at *4 (E.D. La. June 19, 2007) (same). For cases finding habeas petitions challenging parole revocation are properly brought under §2254: s*ee, e.g.: Morrison v. Johnson,* 106 F.3d 127 (5th Cir.1997) (construing petition for writ of habeas corpus related to parole revocation under § 2254); *Newby v. Johnson,* 81 F.3d 567 (5th Cir.1996) (same re: challenge to loss of "street time served on parole"); *Davis v. Conn,* 2007 WL 2428935, at *2 (N.D.Tex. Aug.27, 2007) (case to overturn parole revocation should be brought under §2254, rather than under 42 U.S.C. § 1983); *Hardemon v. Quarterman,* No. 06-1630, 2006 WL 3372525 (N.D.Tex. Nov. 17, 2006) (challenge to revocation of parole decided under § 2254); *Hardemon v. Board of Pardon and Paroles,* No. 06-478, 2006 WL 2504002, at *3 (N.D.Tex. Aug.28, 2006) (case to overturn parole revocation should be brought under §2254, rather than under 42 U.S.C. § 1983).

[20] *Zolicoffer v. United States,* 315 F.3d 538, 540 (5th Cir. 2003), *citing Pack v. Usuff*, 218 F.3d 448, 454 n.5 (5th Cir. 2000).

[21] R. Doc. 17-1, pp. 162-65.  Petitioner received diminution of sentence on December 12, 2017 following the revocation.

[22] *Mitchell v. Davis*, No. 19-1317, 2019 WL 3021143, at *2 (N.D. Tex. June 6, 2019), *citing* 28 U.S.C. §§ 2241(c)(3) … *Jones v. Cunningham*, 371 U.S. 236, 243 (1963)("While petitioner's parole released him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom; this is enough to keep him in [] 'custody' …within the meaning of the habeas corpus statute."); *see also Coronado v. U.S. Bd. of Parole*, 540 F.2d 216, 217 (5th Cir. 1976)("[f]deral courts have held that the conditions of parole and probation sufficiently restrain the individual to constitute the 'custody' which is a condition of seeking habeas relief under 28 U.S.C. § 2241 and of attacking a sentence under 28 U.S.C. § 2255.")(citations omitted).

notwithstanding his release from physical custody, he is still subject to significant restrictions on his freedom.[23]

### B. Petitioner's Claims

Petitioner's federal claims challenge the constitutionality of La. R.S. 15:571.5, both generally and as applied in the context of the revocation of the diminution of his sentence after a conviction for new criminal conduct in 2011.

### C. La. R.S. 15:571.5 Does Not Violate the Ex Post Facto Clause

Petitioner presented his claims regarding the unconstitutionality of La. R.S. 15:571.5, which provides for loss of good time credit upon parole revocation, to the Louisiana Supreme Court, which granted writ, in part, in his favor (after denial by lower state courts). The Louisiana Supreme Court found that, "[b]efore the enactment of La. R.S. 15:571.5 (effective July 1, 1982), early release for diminution of sentence resulted in complete satisfaction of the remainder of an inmate's sentence and full discharge from the custody and supervision of the state. *See State v. Anderson*, 349 So.2d 311, 313 (La. 1977); *see also* 1964 La. Acts 426." Because Petitioner had committed 11 of the 14 armed robberies for which he was convicted before July 1, 1982, the effective date of 1981 La. Acts. 762, those 11 sentences were fully satisfied when Petitioner was released for diminution of sentence in 2003. As to the remaining 3 armed robberies committed after July 1, 1982, the Ex Post Facto clause was not violated by the application of the version of La. R.S. 15:571.5, effective July 1, 1982, as to those convictions.[24]

---

[23] The Emergency Motion was filed because Petitioner alleged he had been threatened with arrest by his parole officer if he failed to return an Interstate Compact Offender Application, which he argued constitutes "threat of arrest without a crime." R. Doc. 7, pp. 2-3.

[24] Act No. 762, the version of La. R.S. 15:571.5 effective July 1, 1982, provides that an inmate released for "good time" diminution of sentence shall remain under state supervision as if on parole for the remainder of his unexpired term of imprisonment.

6

"A law violates the Ex Post Facto clause if it is 'retrospective,' that is, it 'appl[ies] to events occurring before its enactment,' and it 'disadvantage[s] the offender affected by it.'"[25] The version of the statue before Act No. 762 became effective provided that the remainder of an inmate's sentence was completely satisfied upon early release for diminution. Act No. 762 provides that an inmate who is early released for diminution shall remain under state supervision as if on parole for the remainder of his unexpired term of imprisonment and further provides that, upon revocation of the early release, the "person shall be recommitted to the Department of Corrections for the remainder of the original full term. No further diminution of sentence for good behavior shall be allowed." Act No. 762 disadvantages Petitioner. The only question is whether the Act is retrospective. As applied to Petitioner's case, it is not.

Act No. 762 has an effective date of July 1, 1982. To be retrospective in violation of Supreme Court precedent, the Louisiana Supreme Court must have applied the Act to conduct of the Petitioner that occurred before July 1, 1982. Petitioner's armed robbery charges, for which he was sentenced on April 12, 1984 occurred on July 9, 1981; November 4, 1981; January 8, 1982; January 15, 1982; January 16, 1982; January 16, 1982; February 26, 1982; March 4, 1982; June 10, 1982; June 30, 1982; July 1, 1982 July 1, 1982; and July 9, 1982:[26]

---

[25] *Price v. Warden*, 785 F.3d 1039 (5th Cir. 2015), *citing Weaver v. Graham*, 450 U.S. 24, 29 (1981).
[26] For the other armed robbery count, Petitioner was sentenced on February 2, 1982, so it is obvious the criminal conduct for which he was charged occurred before the effective date of Act No. 762.

7

OSSIE BROWN, DISTRICT ATTORNEY for the Nineteenth Judicial District, Parish of East Baton Rouge, State of Louisiana, charges that _JOHN EARL SQUARE_

on or about the _NINTH (9TH)_ day of _JULY_, 19_81_, committed the offense(s) of _ARMED ROBBERY (FELONY)_, violating Louisiana Revised Statutes _14:64_, in that

*John Earl Square, while armed with a dangerous weapon, robbed Sandy D'Avy,*

OSSIE BROWN, DISTRICT ATTORNEY for the Nineteenth Judicial District, Parish of East Baton Rouge, State of Louisiana, charges that _JOHN EARL SQUARE_

on or about the _FOURTH (4TH)_ day of _NOVEMBER_, 19_81_, committed the offense(s) of _ARMED ROBBERY (FELONY)_, violating Louisiana Revised Statutes _14:64_, in that

*John Earl Square, while armed with a dangerous weapon, robbed Bob McKinney,*

Count 1: On or about January 8, 1982, John Earl Square, while armed with a dangerous weapon, robbed Dennis White,

Count 2: On or about January 15, 1982, John Earl Square, while armed with a dangerous weapon, robbed Sam Coniglio,

Count 3: On or about January 16, 1982, John Earl Square, while armed with a dangerous weapon, robbed Deepak Agarwal,

Count 4: On or about January 16, 1982, John Earl Square, while armed with a dangerous weapon, robbed Doug Grapp,

Count 5: On or about February 26, 1982, John Earl Square, while armed with a dangerous weapon, robbed Alice Nickens,

Count 6: On or about March 4, 1982, John Earl Square, while armed with a dangerous weapon, robbed Timothy Wilkes and Alexander Rines,

Count 7: On or about June 10, 1982, John Earl Square, while armed with a dangerous weapon, robbed Stuart Holloway,

Count 8: On or about June 30, 1982, John Earl Square, while armed with a dangerous weapon, robbed Sadie Gremillion,

Count 9: On or about July 1, 1982, John Earl Square, while armed with a dangerous weapon, robbed Wanda Davis,

> Count 10: On or about July 1, 1982, John Earl Square, while armed with a dangerous weapon, robbed Robert Lartigue, and
>
> Count 11: On or about July 9, 1982, John Earl Square, while armed with a dangerous weapon, robbed Michael Rogers,

To avoid an Ex Post Facto violation, only the two counts of armed robbery committed on July 1, 1982 and the count committed on July 9, 1982 should be subject to the change in the law based on the enactment of Act No. 762. This is what the Louisiana Supreme Court held. The application of Act No. 762 to Petitioner on those charges was not retrospective and, therefore, not an Ex Post Facto violation, either with regard to the consequences of revocation of his early release for diminution or with regard to the fact that he has to remain under state supervision for the unexpired term of his imprisonment.[27] Accordingly, the Louisiana Supreme Court's decision is not contrary to established federal law.

### D. Revocation of Diminution of Sentence Was Not Deprivation of Good Time Credits Without Due Process

Plaintiff's other chief complaint—that he has a liberty interest in his good time credits because he bargained for them by giving up incentive wages—was not specifically addressed by the Louisiana Supreme Court and does not appear to have been addressed by any of the state's lower courts. The issue was presented in Petitioner's briefing.[28] Petitioner fails to establish a

---

[27] To the extent Petitioner complains that the revocation of his supervised release under the statutory scheme violates Separation of Powers, exceeds agency authority, is an illegal bill of attainder, or inflicts punishment without trial, the constitutionality of this provision has been repeatedly upheld. *See London v. Leblanc*, No. 14-1861, 2015 WL 403809, at *3 (E.D. La. Jan. 29, 2015), *appeal dismissed* (5th Cir., No. 15-30376, June 2, 2015) (collecting cases). Petitioner also argues that the 1991 amendments to La. R.S. 15.571.5 were made retroactive to July 1, 1982. However, the legislative history shows that there were no amendments made to the effective date of the statute in 1991. The following language was the sole amendment to the statute in 1991: "C. If such person's parole is revoked by the parole board for violation of the terms of parole, the person shall be recommitted to the department for the remainder of the original full term." 1991 La. Sess. Law Serv. Act 138 (S.B. 956) (WEST). Petitioner has maintained he is not challenging the computation as to the length of his remaining time on supervised release. *See, e.g.*, R. Doc. 1-3, p. 40.
[28] R. Doc. 1-3, p. 39. Regardless of whether de novo review is applied or the more deferential standard, Petitioner fails to establish a constitutional violation based on alleged deprivation without due process. *See Wright v. Quarterman*, 470 F.3d 581, 591 (5th Cir. 2006) (while claims that are decided by a state court on the merits should be reviewed under the deferential standard of AEDPA, when the state court does not reach the merits, federal courts apply a *de novo* standard of review); *Harrington v. Richter*, 562 U.S. 86, 99 (2011) ("When a federal claim has been

9

constitutional violation based on alleged deprivation of an ongoing, vested liberty interest in his good time credits without due process under these facts.

In *Teague v. Quarterman*, the Fifth Circuit Court of Appeals explained the due process requirements for the protection of good time credits, as follows:

> Obviously, the Constitution itself does not expressly guarantee due process protection of good-time credits attained by satisfactory behavior while in prison. A state statutory scheme may, however, create a right to good-time credits; and when one does so and recognizes that revocation is an authorized sanction, an inmate's interest in good-time credit is accorded due process protection. Specifically, an inmate is entitled to the minimum procedures appropriate under the circumstances and required by the Due Process Clause to ensure that the state-created right is not arbitrarily abrogated. Thus, when a state inmate enjoys a constitutional expectancy to an early release from prison based on the accumulation of good-time credits, he has a protected liberty interest and is entitled to due process before he may be deprived of such credits.[29]

Regardless of whether Petitioner had a constitutional expectancy of early release, there is no due process violation in this case. The version of La. R.S. 15:571.5, effective July 1, 1982, states, in pertinent part:

> B. The person released because of diminution of sentence pursuant to this Part shall be supervised in the same manner and to the same extent as if he were released on parole.
>
> The supervision shall be for the remainder of the original full term of sentence.
>
> If a person released because of diminution of sentence pursuant to this Part violates a condition imposed by the parole board, the board shall proceed in the same manner as

---

presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.) This presumption 'applies even where the habeas petitioner raises a federal claim and the 'state court rules against the defendant and issues an opinion that addresses some issues but does not expressly address the federal claim in question"). *See*, *Woodfox v. Cain*, 772 F.3d 358, 370 (5th Cir. 2014).
[29] 482 F.3d 769, 774 (5th Cir. 2007).

> it would to revoke parole to determine if the release upon diminution of sentence should be revoked.
>
> C. Upon revocation of the person's release upon diminution of sentence by the parole board, the person shall be recommitted to the Department of Corrections for the remainder of the original full term. No further diminution of sentence for good behavior shall be allowed.

Assuming due process is required, there must be some evidence to support the disciplinary decision.[30] The facts, as alleged by Petitioner, and supported by the record, show that Petitioner's term of release for diminution was revoked by operation of law because he pled guilty to new criminal conduct.[31] Thus, Petitioner was not deprived of good time credits without due process.[32]

### III. Conclusion

The Louisiana Supreme Court's decision--that La. R.S. 15:571.5 did not violate the Ex Post Facto clause as to the 3 armed robberies committed after the effective date of Act 762--was not contrary to federal law. Petitioner has not shown that this application of La. R.S. 15:571.5 violated his constitutional rights and the constitutionality of this provision has been repeatedly upheld. Additionally, Petitioner was not deprived of good time credits without due process because he pled guilty to new criminal conduct, and his release was consequently revoked by operation of law.[33]

---

[30] *Teague*, 482 F.3d at 773 (citation omitted).

[31] *State ex rel. Square v. State*, 2015-1409 (La. 1/13/17), 206 So.3d 872, 872–73; R Doc. 17-1, p. 167. Petitioner's confusion may be based on his purported release from supervision in 2006. Petitioner was supervised in California following his diminution of sentence in 2003. R. Doc. 17-1, p. 195. In May 2006, California closed Petitioner's case and purported to end his supervision. R. Doc. 17-1, pp. 182-84. The Louisiana Department of Public Safety and Corrections, Division of Probation and Parole, responded that Petitioner's supervision should continue because he had not reached his full term date of July 12, 2022. R. Doc. 17-1, p. 185. Accordingly, Petitioner was never released from supervision prior to his conviction for new criminal conduct in 2011.

[32] Petitioner was also offered a preliminary hearing prior to revocation. According to the record, he refused the preliminary hearing. R. Doc. 17-1, pp. 170-72.

[33] Petitioner was released again in 2017 without serving the remainder of his original sentence, which had a full term date of July 12, 2022. Petitioner will continue on parole supervision until his new full term date of January 12, 2027. R. Doc. 17, p. 2.

11

## IV.    Certificate of Appealability

Should Petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[34]  Although Petitioner has not yet filed a Notice of Appeal, the Court may address whether he would be entitled to a certificate of appealability.[35]  A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.[36]  In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[37]  In cases where the Court has rejected a petitioner's constitutional claims on substantive grounds, a petitioner must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[38]  Here, reasonable jurists would not debate the denial of Petitioner's application or the correctness of the ruling. Accordingly, if Petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

---

[34] 28 U.S.C. § 2253(c)(1)(A).
[35] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).
[36] 28 U.S.C. § 2253(c)(2).
[37] *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006).
[38] *Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005), *quoting Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

## V.    Recommendation

For the reasons set forth herein, **IT IS RECOMMENDED** that Petitioner's application for habeas corpus relief[39] be **DENIED** and that this proceeding be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, if Petitioner seeks to pursue an appeal in this case, a certificate of appealability be **DENIED**.

Signed in Baton Rouge, Louisiana, on October 26, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[39] R. Doc. 1.